IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY O'CONNER, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 13 C 7391 |
| v. | ) | |
| | ) | |
| EDEN MANAGEMENT LLC, et al., | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

## ORDER

This case was referred for discovery supervision, discovery motions and settlement on February 18, 2104. [Dkt.#54, 55]. At the initial status hearing on February 27, 2014, counsel for Defendants Hamos, Eagleson and Cunningham ("the HFS Defendants") stated that his clients were not keen on responding to Plaintiffs' written discovery while they had pending what they believed to be a meritorious motion to dismiss. [Dkt#39, 40]. No motion to stay discovery had been filed at that time, however, and the Court expressed its general view — at a 30,000 foot level — that normally a defendant with a pending motion to dismiss is not excused from responding to discovery.

Over the next eight months, the HFS Defendants seem to have parried Plaintiffs' requests for production, interrogatories and their request for a Rule 30(b)(6) deposition without providing much, if anything, by way of responsive information. Plaintiffs represent, without contradiction by the HFS Defendants, that those Defendants produced six pages of documents with their Rule 26(a)(1) disclosures and virtually nothing else. Finally, after endless written and oral communications and meeting-and-conferring to satisfy their Local Rule 37.2 obligations [Dkt.#79, Exhibit 13], Plaintiffs filed on September 11, 2014, three motions to compel the HFS

Defendants to respond to two outstanding requests for production of documents, a set of interrogatories and a Rule 30(b)(6) deposition. [Dkt.#76, 77, 78]. The motions were noticed for September 17, 2014. [Dkt.#80]. On that date, in open court, the HFS Defendants sought and secured an extension of time of more than a month to respond to Plaintiffs' motions to compel. The Court ordered the HFS Defendants to respond to Plaintiffs' motions to compel by October 24, 2014, almost 45 days after the motions to compel were filed, because counsel represented that the entire defense team would be on vacation during the intervening time.[1] [Dkt.#82].

Rather than respond substantively to Plaintiffs' motions to compel, however, the HFS Defendants instead filed a motion to dismiss Plaintiffs' first amended complaint on October 22, 2014, and, two days later, a motion to stay all discovery pending a ruling on their motion to dismiss. [Dkt.#88, 94]. The HFS Defendants advance two reasons in support of their motion to stay: (1) they are likely to succeed on their motion to dismiss, and (2) a settlement conference is set for November 24, 2014. Neither reason justifies the relief the HFS Defendants seek. Accordingly, for the reasons discussed below, the motion to stay is denied, and the HFS Defendants will be required to respond to Plaintiffs' production requests, interrogatories and to produce a Rule 30(b)(6) deponent forthwith.

It is a truism that district courts enjoy broad discretion in controlling discovery, as the HFS Defendants argue in support of their motion to stay. *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). And, as the HFS Defendants also note, courts have held that a discovery stay may be appropriate when a motion to dismiss can resolve the entire case, at least as to the moving party. *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D.

---

[1] As the Court noted in its order setting that briefing schedule, "[a]lthough the Court would have preferred to set a shorter date for the HFS Defendants to respond to the motions to compel, defense counsel's travel schedule in the short term prevented that from occurring." [Dkt.#82].

2

435, 437 (N.D. Ill. 1996). It is also true, although the HFS Defendants do not cite cases in support of this proposition, that district courts do not stay discovery when they determine that a stay is unlikely to significantly expedite litigation and, instead, may actually slow it down. *New England Carpenters Health and Welfare Fund v. Abbott Labs.*, 2013 WL 690613, at *2 (N.D. Ill. Feb 20, 2013) (citations omitted).

The HFS Defendants' talismanic intonation of legal truisms and their citation of boilerplate language from factually distinguishable cases does not answer the dispositive question in this case — whether a stay of discovery at this time will advance the goal memorialized in Rule 1 of the Federal Rules of Civil Procedure to secure "the just, speedy and inexpensive determination of [this] action and proceeding." FED. R. CIV. P. 1. In this Court's view, a stay of discovery propounded to the HFS Defendants in this case at this time is unlikely to expedite resolution of the litigation and, in fact, may be counterproductive in achieving that end.

The HFS Defendants' motion to stay is predicated on the assumption that their motion to dismiss will be granted. But that is pure speculation at this juncture. Plaintiffs' first amended complaint is, in part, an effort to address some of the issues that the HFS Defendants raised in their first motion to dismiss Plaintiffs' original complaint. That motion to dismiss was mooted by the filing of the first amended complaint. [Dkt.#70, 74]. The Court cannot conclude that the legal arguments raised by the HFS Defendants in support of their new motion to dismiss are so rock solid or incontrovertible that they should not have to respond to Plaintiffs' discovery while the motion to dismiss is under advisement. *New England Carpenters Health and Welfare Fund*, 2013 WL 690613, at *2 ("It may well be that [Defendant's] motion to dismiss will be successful, but until the District Judge rules on the motion, [Defendant's] assertion is mere speculation.");

3

*EEOC v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012) ("[Defendant] is not entitled to have discovery stayed solely because it filed a motion to dismiss.").

The other group of state actor Defendants ("the non-HFS State Defendants") in this case also filed motions to dismiss Plaintiffs' initial complaint and their first amended complaint. At first blush, the non-HFS State Defendants raise some arguments that are similar to those raised by the HFS Defendants concerning Plaintiffs' standing and their ability to state a claim for relief under the facts of this case and the relevant federal regulatory framework. The non-HFS State Defendants also argue that a ruling in their favor on their motion to dismiss will end the case as far as they are concerned. But the non-HFS State Defendants have been participating in both informal and formal discovery, including depositions, and they did not join the HFS Defendants' motion to stay. The Eden Defendants also have been cooperating in formal and informal discovery during the better part of the last year. Far from expediting the conclusion of this litigation, a stay of discovery against only the HFS Defendants at this time would complicate and frustrate the expeditious resolution of this case, in the Court's view.

In addition, even if the HFS Defendants were not named defendants in this case, they would appear to be subject to much of the discovery Plaintiffs have propounded, including potentially a Rule 30(b)(6) deposition, as third-party respondents to Rule 45 subpoenas. Therefore, even if the HFS Defendants are dismissed from this case, which is not a foregone conclusion, they in all likelihood still would be asked to provide much of the information Plaintiffs are seeking in their pending requests for production, interrogatories and via deposition. Taking the long view, other courts have recognized that a stay of discovery is not the most

effective way to address this kind of a situation. *Fair Oaks Dairy Farms*, 2012 WL 3138108, at *3.

Further, Plaintiffs have represented in open court and in court filings that much of the information they are seeking from the HFS Defendants is necessary for them to evaluate properly their settlement position in this case. Plaintiffs have tried to obtain information from the HFS Defendants informally in that regard, and the Court has encouraged that effort, but the HFS Defendants have stonewalled even an informal exchange of information. In response to the HFS Defendants' motion to stay, Plaintiffs characterize the possibility of settlement in this case as "highly questionable" particularly without access to the information they are attempting to obtain from the HFS Defendants. Plaintiffs' Response to HFS Defendants' Motion to Stay Discovery [Dkt.#99], at 3. Whatever the current prospects for settlement, it is obvious that the chances of having a productive settlement conference are enhanced by the exchange of information each party needs to evaluate its claims and defenses. If the HFS Defendants will not provide that information to Plaintiffs informally (and the ship has sailed on that score), then they have to respond through formal discovery channels. The prospect of a settlement conference, therefore, only enhances rather than undercuts Plaintiffs' need for discovery. It does nothing to advance the HFS Defendants' request for a stay.

Finally, the HFS Defendants have not advanced any reason why Plaintiffs' outstanding first and second requests for production, their first set of interrogatories or their Rule 30(b)(6) deposition notice are improper, or why Plaintiffs' motions to compel these Defendants to respond to the pending discovery requests should not be granted. The HFS Defendants did not file responses to Plaintiffs' motions to compel on the date those responses were due despite obtaining nearly 45 days to do so from the date those motions were filed. Instead, they filed a motion to

stay discovery at the eleventh hour and appear to be standing on that motion instead of arguing that any of Plaintiffs' discovery requests are improper for any reason other than the pendency of these Defendants' motion to dismiss. The Court has reviewed Plaintiffs' motions to compel and the discovery requests to which they relate, and it agrees with Plaintiffs that full and complete responses to those discovery requests are long overdue.

The HFS Defendants effectively have obtained an eight-month stay of discovery since they first appeared before this Court for an initial status hearing on February 27, 2014. They did not seek such a stay from the Court; they simply appropriated it for themselves by refusing to respond to Plaintiffs' legitimate discovery requests. Simply stated, enough is enough. Plaintiffs and the other Defendants in this case have been engaged in discovery for some time. It is time for the HFS Defendants to join that party whatever the eventual outcome of their motion to dismiss.

Accordingly, the HFS Defendants' motion to stay discovery [Dkt.#94] is denied. Plaintiffs' motions to compel [Dkt.#76, 77, 78] are granted. The HFS Defendants shall respond to the interrogatories and requests for production at issue in Plaintiffs' first motion to compel [Dkt.#76] within seven (7) days of the date of this Order. The HFS Defendants shall produce the emails Plaintiffs seek in their second motion to compel production of ESI documents [Dkt.#77] within fourteen (14) days of the date of this Order. The HFS Defendants shall produce a Rule 30(b)(6) witness on the subjects outlined in Plaintiffs' Rule 30(b)(6) notice as requested by Plaintiffs' third motion to compel [Dkt.#78] at a location designated by Plaintiffs' counsel within 100 miles of HFS' Main Office in Chicago, Illinois, or at another agreed location, within sixty (60) days of the date of this Order.

The Court notes that the HFS Defendants also failed to respond to Plaintiffs' third request for production of documents, second set of interrogatories and second requests to admit. Plaintiffs' Response to Motion to Stay [Dkt.#99], at 3. After receiving an extension of time, the HFS Defendants' responses were due on October 29, 2014. [Dkt.#86]. Plaintiffs argue the HFS Defendants have forfeited any right to object to these discovery requests by failing to serve timely responses. As a result, Plaintiffs say their requests to admit should be deemed admitted and the HFS Defendants should be required to provide substantive responses to the interrogatories and produce the documents requested. The Court disagrees. As far as the Court can tell, the parties have not met and conferred about this discovery and no motion is pending concerning these requests. Consistent with the thrust of this Order, the Court *sua sponte* grants the HFS Defendants an additional seven (7) days from the date of this Order to respond and/or raise any objections to these discovery requests.

The hearing on Plaintiffs' motions to compel set for November 12, 2014, is stricken in light of this Order. The Court anticipates receiving from all Defendants on November 7, 2014, their responses to Plaintiffs' settlement demand tendered on October 24, 2014. [Dkt.#85]. At present, the Court anticipates proceeding with the pre-settlement conference with counsel only set for November 19, 2014, and with the settlement conference scheduled for November 24, 2014. If that plan changes after the Court receives Defendants' settlement letters on November 7, 2014, or the Court wants to discuss the situation with counsel or the parties before November 19, 2014, the Court will issue an appropriate order in that regard.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 4, 2014